IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Baxter W. Paschal, Jr., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Donald F. Bauknecht, ) <br> Warden of FCI -Williamsburg, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No. 8:07-249-JFA-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

The petitioner seeks habeas relief pursuant to Title 28, United States Code, Section 2241. This matter is before the Court on the respondent's motion to dismiss.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on January 26, 2007. On March 29, 2007, the respondent filed a motion to dismiss. By order filed March 30, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the respondent's motion to dismiss. On April 11, 2007, the petitioner filed a response to the motion

The petitioner filed this habeas petition while he was a prisoner at Williamsburg Federal Prison Camp. (Pet. ¶ 2.) On March 14, 2006, the petitioner was sentenced to

sixteen months imprisonment and one year of supervised release for endeavoring to obstruct and impede the due administration of the Internal Revenue laws. (Pet. ¶¶ 8-9; Resp.'s Mem. Supp. Summ. J. Mot. Ex. A.) He contends the Bureau of Prisons ("BOP") improperly denied him placement for the last six months of his sentence in a halfway house, referred to as a Residential Reentry Center ("RRC").[1] (Pet. ¶ 1.) Specifically, he contends he should have been placed in an RRC on December 25, 2006. (Pet. ¶ 16.)

Under 18 U.S.C. § 3621(b), the BOP is to designate where an inmate is to serve his sentence. In doing so, the BOP must consider multiple factors, including the resources of the facility, and the history and characteristics of the prisoner. 18 U.S.C. § 3621(b). Pursuant to 18 U.S.C. § 3624(c), the BOP can place a prisoner in an RRC near the end of his term of imprisonment.[2] Under BOP policy that went into effect in 2005, set forth in 28 C.F.R. §§ 570.20 and 570.21, the BOP may categorically designate placement of inmates in an RRC for the last ten percent of the sentence, not to exceed six months. The petitioner contends these regulations are invalid as they conflict with § 3621(b). (Pet.'s Mem. Opp. Summ. J. Mot. at 18.)

While the Fourth Circuit Court of Appeals has not ruled on this issue, four other circuits have held that the current BOP regulations are invalid because the factors set forth

---

[1] Previously, RRCs were referred to as Community Correctional Centers or CCCs.

[2] Section 3624(c) provides that the BOP "shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community."

2

in § 3621(b) cannot be fully considered when the amount of time an inmate is in an RRC is categorically limited by the regulations to the lesser of six months or ten percent of a sentence without any consideration of individual circumstances. *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 80-82 (2d. Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); and *Woodall v. Fed.l Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005). Thus, it appears the petitioner may have a valid argument. However, the record in this case shows that the relief sought by the petitioner is no longer available as he was transferred to an RRC on May 15, 2007.³ (See Docket Entry #12 - Change of Address). Therefore, his claim is now moot. *Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986).

---

³The record does not reflect whether the petitioner has since been released from the RRC as the petitioner's 16-month sentence was to run June 25, 2007. (Resp.'s Mem. Supp. Summ. J. Mot. Exs. A and E.) Apparently recognizing the mootness of his claim, the petitioner now suggests for the first time that a reduction in his supervised release time may be an appropriate remedy. (Pet.'s Mem. Opp. Summ. J. Mot. at 28.) There is some authority from other jurisdictions that a court could provide such a petitioner with some "effectual relief" by shortening the length of his supervised release time. *See, e.g., Levine v. Apker,* 455 F.3d 71, 77 (2d Cir. 2006). However, only the court that sentenced the petitioner can "modify, educe, or enlarge the conditions of supervised release." 18 U.S.C. § 3583(e)(2); *U.S. v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003)("A sentencing court retains jurisdiction to modify or revoke supervised release after considering enumerated factors."). *See also Eleazar v. Menifee*, 2006 WL 3634382 (S.D.N.Y. 2006)(unpublished)(court could not provide any relief for inmate challenging BOP regulations and placement in CCC where the inmate had been sentenced in another district and was currently on supervised release). Because the petitioner was sentenced in the Middle District of North Carolina (Pet. ¶ 6) and has been placed in an RRC, this Court cannot provide him with any relief.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petition and the Respondent's motion to be DISMISSED as moot.

IT IS SO RECOMMENDED.


                                      s/Bruce Howe Hendricks
                                      United States Magistrate Judge

July 19, 2007
Greenville, South Carolina


**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).