IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Baxter W. Paschal, Jr., | ) | C/A No. 8:07-249-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Donald F. Bauknecht, Warden of FCI Williamsburg, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Baxter Paschal, brings this action pursuant to 28 U.S.C. § 2241 alleging that the Bureau of Prisons (BOP) denied him placement in a halfway house for the last six months of his sentence. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation.[1]

I.   Background

On March 14, 2006, the petitioner was sentenced by the United States District Court for the Middle District of North Carolina to 16 months in prison for endeavoring to obstruct

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

and impede the due administration of the Internal Revenue laws. He is serving his sentence at the Federal Correctional Institution in Williamsburg, South Carolina. He filed this action challenging the validity of the Bureau of Prison's (BOP) regulations regarding the transfer of inmates to Residential Reentry Centers (RRC), formerly referred to as community confinement centers or halfway houses. He requests that the BOP consider him for immediate transfer to an RRC.

The Magistrate Judge's detailed Report recommends that this action is now moot because the petitioner was transferred to an RRC on May 15, 2007. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report. However, neither party has filed objections.

II.     Discussion

Pursuant to the statutory scheme set forth by Congress, the BOP takes custody of federal offenders who have been sentenced to serve a term of incarceration. For offenders sentenced to imprisonment, 18 U.S.C. § 3621 (b) instructs the BOP to designate the place of imprisonment. BOP is directed to allow prisoners to reside in RRCs at the last of their sentence to allow for a period of adjustment. 18 U.S.C. § 3624(c). BOP has changed its regulations several times in connection with placement of prisoners in RRCs. These changes have spawned considerable litigation by inmates seeking placement in RRCs at the earliest

possible time, *i.e.*, a full six months prior to release. District courts have differed in their analyses of the validity of the BOP's regulations. The First and Eighth Circuits have found the policy contrary to the plain meaning of 18 U.S.C. § 3621(b). *See Goldings v. Winn*, 383 F.3d 17 (1st Cir.2004); *Elwood v. Jeter*, 386 F.3d 842 (8th Cir.2004).

As an initial matter, the court rejects respondent's argument that this court lacks subject matter jurisdiction under § 2241 to consider the petitioner's challenge. According to 28 U.S.C. § 2241, an inmate can challenge the manner in which the BOP carries out his sentence. A petition under 28 U.S.C. §2241 is limited to those claims challenging the validity of an individual's detention and execution of the current sentence. Where a petitioner challenges the effect of events subsequent to his sentence on that sentence, a 28 U.S.C. § 2241 is an appropriate remedy. This type of judicial review may be sought in the district of confinement. *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *McNair v. McCune,* 527 F.2d 874, 875 (4th Cir. 1975). Therefore, this court has proper subject matter jurisdiction. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988).

The court also rejects respondent's contention that the petition should be dismissed because petitioner has not exhausted his administrative remedies. Federal inmates generally are required to exhaust their administrative remedies prior to filing a § 2241 petition. However, a number of courts have found that requiring inmates to challenge the BOP's policy regarding placement in a RRC through the administrative process would be futile. *See, e.g. Faglio v. Smith* , 326 F.Supp.2d 589, 590 (M.D.Pa. 2004)(exhaustion would be futile

because the BOP has adopted a clear and inflexible policy regarding its interpretation of 18 U.S.C. § 3624(c)); *Zucker v. Meinfee*, 2004 WL 102779 (S.D.N.Y. Jan 21, 2004)("[G]iven the subordinate relation of the highest level of administrative appeal to the source of the interpretation at issue in this case" the petitioner's failure to exhaust was excused as being futile).

To the extent that exhaustion has been applied to *habeas corpus*, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. For this reason, it follows that a court has the discretion to waive that requirement in certain circumstances. *See LaRue v. Adams*, 2006 WL 1674487 *8 (S.D. W. Va. June 12, 2006) (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions). Here, it is not disputed that the petitioner failed to exhaust his administrative remedies prior to filing this petition. However, exhaustion would be futile in this instance "because the BOP has adopted a clear and inflexible policy regarding its interpretation of 18 U.S.C. § 3624(c)." *Fagiolo v. Smith*, 326 F.Supp.2d at 590. Accordingly, this court finds that exhaustion is waived.

However, after carefully fully reviewing the applicable law, the record in this case, and the Report, the court finds it unnecessary to determine the merits of petitioner's claim.

Because it appears that petitioner has now received the relief he originally sought, the court finds his claim is now moot. *Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986).

For the foregoing reasons, the court accepts the Magistrate's Report to the extent of its recitation of the relevant facts and standards of law, without the need to address the legal analysis contained therein. The court dismisses the petition as MOOT.

IT IS SO ORDERED.

December 20, 2007                  Joseph F. Anderson, Jr.
Columbia, South Carolina           United States District Judge